HUTTERISCHE BRUDER GEMEINDE AND MICHAEL WALDNER, JOSEPH E. WALDNER, JOHANN J. WALDNER, JOSEPH J. KLEINSASSER, JOSEPH M. WALDNER, MICHAEL WALDNER, SR., AND JOSEPH KLEINSASSER, SR., TRUSTEES AND SUCCESSORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15757.   Promulgated December 17, 1928.

*E. B. Quiggle, Esq., John R. Yates, Esq.,* and *N. J. Cramer, Esq.,* for the petitioners.

*Brice Toole, Esq.,* for the respondent.

OPINION.

SMITH: The principal questions at issue in this proceeding are whether the Hutterische Bruder Gemeinde is entitled to have its invested capital for the year 1918 computed upon the basis of the

value in 1906 of the property, which was deeded to it in that year, and, if so, the value of such property at that time. The parties are substantially in agreement as to all the material facts except those relating to valuation.

The respondent's position is that the purported incorporation of the Hutterische Bruder Gemeinde in 1905 did not result in the creation of a new corporation but was merely the continuation of an already existing corporation, the Hoderische Bruder Gemeinde created under the laws of the Territory of Dakota in the year 1874; that the property in question was paid in to the corporation in the year 1874; and that since its value at that time can not now be ascertained satisfactorily the corporation's tax liability for the year 1918 has been properly computed under the provisions of sections 327 and 328 of the Revenue Act of 1918.

Section 326 of the Revenue Act of 1918 reads in part as follows:

(a) That as used in this title the term "invested capital" for any year means (except as provided in subdivisions (b) and (c) of this section):

(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus: * * *

(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year.

Section 327 of the Revenue Act of 1918 reads in part as follows:

That in the following cases the tax shall be determined as provided in section 328:

(a) Where the Commissioner is unable to determine the invested capital as provided in section 326.

The articles of incorporation filed by the new company in 1905 and those incident to the incorporation of the old company under the laws of the Territory of Dakota were materially different. The old corporation had a capital stock of $20,000. The new corporation had no capital stock. The management of the old corporation was by a board of directors; that of the new corporation was by trustees. In the original articles of incorporation the title "Hoderische Bruder Gemeinde" appeared, which is, as to the spelling of the first word of the title, said to have been in error, and in the new corporation's articles of incorporation the title appeared as "Hutterische Bruder Gemeinde."

During the year 1906 the old corporation transferred to the new corporation by deed all of its assets and the new corporation continued to carry on the business in practically the same way as had the old company.

The question, therefore, is whether, within the meaning of section 326 of the Revenue Act of 1918, the property, the value of which the petitioners seek to include in invested capital for 1918, was "paid in" during the year 1906. Or, in other words, whether, for the purpose of determining invested capital, the apparent incorporation of the new company under the laws of the State of South Dakota in 1905 resulted in the creation of a new corporate entity, or whether it was merely a continuation of the old corporation created under the laws of the Territory of Dakota.

An Act of Congress, approved February 22, 1889, provided for the division of the Territory of Dakota into the States of North Dakota and South Dakota and for the admission of these States into the Union.

The constitution adopted by the State of South Dakota in 1889 provided, in article 26, section 1, as follows:

That no inconvenience may arise from the change of the territorial government to the permanent state government, it is hereby declared that all writs, actions, prosecutions, claims and rights of individuals, and all bodies corporate, shall continue as if no change had taken place in this government; * * *

The statutes of the State of South Dakota make provision both for the organization of corporations (see sections 8757 to 8763, South Dakota Revised Code, 1919) and for the amendment of the articles of incorporation of any corporation created under the laws of the Territory of Dakota or the State of South Dakota. (See sections 8766 to 8771, South Dakota Revised Code, 1919.) In securing its present charter the Hutterische Bruder Gemeinde proceeded under the provisions of the statute authorizing the organization of new corporations. So far as the record shows the old corporation created under the laws of the Territory of Dakota continued to exist after the new company's incorporation. We know that in the year 1906 the old corporation transferred by deed to the new corporation certain assets, among which was the property now under consideration.

The facts are undisputed that the incorporation of the Hutterische Bruder Gemeinde under the laws of the State of South Dakota in 1905 was regular and complete. There is no allegation or evidence of fraud or other irregularity. The transactions occurred prior to the existence of any profits-tax laws so that there is no question of tax evasion.

In support of his contention that there was not created a new corporation in the year 1905 the respondent quotes from 14 C. J. 197, as follows:

The mere amendment of a charter or articles of incorporation does not create a new corporation or otherwise affect the identity of the corporation, or its existing rights of action, property rights, or liabilities; and this is true even where the amendment is made by the substitution of a new charter,

*if the manifest intention is to amend merely and not to create a new corporation.* * * * (Italic supplied.)

This rule seems to us to strengthen the petitioner's position. Certainly it was the apparent intention of the parties acting for the Hutterische Bruder Gemeinde to create a new corporation and there is nothing in the evidence to indicate that there was any intention on their part merely to amend the articles of incorporation filed in 1874. The intention to create a new corporation is further shown by the fact that the old corporation executed a formal deed in transferring the property to the new corporation. This would have been unnecessary in the case of an amendment.

The case of *Weiss* v. *Stearn*, 265 U. S. 242, which the respondent cites, dealing with the effect of reorganization of corporations upon the income of stockholders, is not in point. Here we are concerned with the effect of a *reincorporation* upon the invested capital of a corporation and not with any gain to the stockholders resulting from a *reorganization*. Even if we look to the substance rather than to the form of the corporate transactions, as respondent urges, it does not follow that we must reach a different conclusion. " Invested capital ", as the term is used in the Revenue Act of 1918, is purely a statutory concept. Substance is itself in this instance largely a matter of form.

Since the Hutterische Bruder Gemeinde was regularly and lawfully incorporated under the laws of the State of South Dakota in the year 1905, and since the property in question was transferred to it by its predecessor corporation during the following year, it is entitled, under the provisions of section 326(a)(3) of the Revenue Act of 1918 above quoted, to include in its invested capital for the taxable year the value of such property at the time paid in in 1906.

*Judgment will be entered under Rule 50.*